```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE
```

CHARLES S. MILLER-BEY,              :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :   Civil Action No. 02-1597-JJF
                                    :
ILA, INTERNATIONAL                  :
LONGSHOREMEN'S ASSOCIATION          :
AND OFFICERS, et al.,               :
                                    :
        Defendants.                 :

Charles S. Miller-Bey, Pro Se Plaintiff.

John P. Sheridan, Esquire, of GLEASON & MATHEWS, P.C., New York, New York.
Stephen B. Potter, Esquire, of POTTER CARMINE LEONARD & AARONSON, P.A., Wilmington, Delaware.
Attorneys for Defendants.

**MEMORANDUM OPINION**

September 11, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court are Defendants' Motion To Dismiss Complaint Pursuant To Rule 37(d) (D.I. 53) and Plaintiff's Motion To Quash Defendants' Motion To Dismiss The Complaint Pursuant To Rule 37(d) And Demand For Default Judgment (D.I. 56). For the reasons discussed, Defendants' Motion will be granted and Plaintiff's Motion will be denied.

I.  BACKGROUND

On November 4, 2002, Plaintiff filed his Complaint, alleging that Defendants had violated the Labor Management Reporting and Disclosure Act when they improperly removed him from his office as president of the I.L.A. Local 1694. (D.I. 1). On November 8, 2005, the Court entered a Scheduling Order, which provided that all discovery was to be completed by March 15, 2006 and that a pretrial conference would be held on July 13, 2006. (D.I. 41).

Defendants filed a Motion To Compel Plaintiff's Deposition on March 3, 2006. (D.I. 44). In their Motion To Compel, Defendants indicated that after cancelling several scheduled depositions, Plaintiff informed Defendants that he would not submit to a deposition. Defendants further informed the Court that Plaintiff had failed to make any initial disclosures under Rule 26. The Court entered an Order, requiring Plaintiff to make himself available for a deposition and to make his Rule 26 disclosures no later than July 12, 2006. (D.I. 50). In

1

response, Plaintiff declared the Order "void ab initio," stating that the Court lacked jurisdiction to make such an Order because it violated his Fifth Amendment rights in that he could not be ordered to give up his private property, i.e. his thoughts and ideas, without his consent.  Plaintiff also contended that under the Fifth Amendment, he could not be compelled to testify against himself.  (D.I. 51).

Defendants filed the instant Motion To Dismiss.  By their Motion, Defendants contend that Plaintiff's case should be dismissed because Plaintiff failed to provide discovery and to comply with a Court order compelling his deposition.  In response, Plaintiff filed a Motion To Quash, contending that the Motion To Dismiss violates his Fourth Amendment due process and Fifth Amendment equal protection rights and that the Court is not able to take any action which is inconsistent with his right to seek damages.  Plaintiff further requests that the Court enter a default judgment based on Defendants' failure to respond to the allegations of Plaintiff's Complaint.

II.  DISCUSSION

Federal Rule of Civil Procedure 37(b)(2) provides that if a party fails to comply with an order to provide or permit discovery, the court may dismiss the action.  Fed. R. Civ. P. 37(b)(2)(C).  Furthermore, Rule 37(d) allows a court to dismiss an action where a party has refused to appear for his deposition.

Fed. R. Civ. P. 37(d). Here, Plaintiff failed to appear for several scheduled depositions and eventually informed Defendants that he would not submit to a deposition. Plaintiff then refused to comply with a Court Order compelling his deposition. Accordingly, the Court may consider dismissal of Plaintiff's case as a sanction.

Under Third Circuit case law, "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982). In determining whether a punitive dismissal is warranted, a court must consider six factors:

(1) the extent of the party's personal responsibility;
(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
(3) a history of dilatoriness;
(4) whether the conduct of the party or the attorney was willful or in bad faith;
(5) the effectiveness of sanctions other than dismissal...; and
(6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

The Court concludes that dismissal is warranted. First, Plaintiff is responsible because he has refused to submit a deposition. Second, there is substantial prejudice to Defendants, and Plaintiff has exhibited a history of dilatoriness. This case has been pending for nearly four years

3

and Plaintiff has not submitted to a deposition, nor has he produced his initial disclosures under Rule 26, despite the Court's Scheduling Order.  Third, Plaintiff acted in bad faith by postponing his deposition several times before informing Defendants that he would not submit to a deposition.  Fourth, the Court concludes that other sanctions will not be effective.  Plaintiff has declared the Court's Order "void ab initio."  If, as Plaintiff contends, the Court lacks jurisdiction to enter orders in this case, the Court cannot move the case forward.  Finally, the only document from which the Court can assess the meritoriousness of Plaintiff's claim is the Complaint.  At this juncture, the Court and Defendants should be able to evaluate the merits of Plaintiff's claims based upon evidence obtained through discovery; however, because of Plaintiff's failure to provide discovery, Defendants have been unable to proceed.  Accordingly, for the reasons cited, the Court will dismiss Plaintiff's Complaint.[1]

---

[1] Having determined that Plaintiff's Complaint should be dismissed, the Court need not discuss Plaintiff's Motion To Quash.

4

## III. CONCLUSION

For the reasons discussed, Defendants' Motion To Dismiss Complaint Pursuant to Rule 37(d) (D.I. 53) will be **GRANTED** and Plaintiff's Motion To Quash Defendants' Motion To Dismiss The Complaint Pursuant To Rule 37(d) And Demand For Default Judgment (D.I. 56) will be **DENIED**.

An appropriate Order will be entered.